IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID VERSER,

    Petitioner,

v.                                  Civil Action No. 3:11CV759

JAMES STEWARD, III, et al.,

    Respondents.

**MEMORANDUM OPINION**

Petitioner, David Verser, a Virginia detainee proceeding pro se, submitted this petition for a writ of habeas corpus. In the United States District Court for the Eastern District of Virginia, all pro se petitions for writs of habeas corpora must be filed on a set of standardized forms. See E.D. Va. Loc. Civ. R. 83.4(A). Accordingly, by Memorandum Order entered on December 6, 2011, the Court mailed Verser the standardized form for filing a § 2254 petition. The Court directed Verser to complete and return the form to the Court within fifteen (15) days of the date of entry thereof. The Court warned Verser that the failure to complete and return the form in a timely manner would result in dismissal of the action. Because Verser failed to comply with the December 6, 2011 Memorandum Order, the Court dismissed the action without prejudice on February 10, 2012.

On February 23, 2012, the Court received from Verser a document titled, "'COMPLAINT' MOTION OF CONTEMPT OF COURT BRIEF." In that document, Verser represents that he completed the standardized form and gave it to Mrs. Thorpe at his institution on January 15, 2012. Verser requested that Mrs. Thorpe copy the completed form and return the same to him. Verser complains that he failed to comply with the Court's December 6, 2011 Memorandum Order because Mrs. Thorpe failed to promptly copy his completed habeas petition.

The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). To the extent Verser seeks relief under Federal Rule of Civil Procedure 59(e), he has failed to state a viable basis for such relief. Verser did not request that Mrs. Thorpe copy his document until the time for complying with the December 6, 2011 Memorandum Order had expired. Additionally, Verser did not request an extension of time to comply with the December 6, 2011 Memorandum Order. Moreover, because the Court dismissed the action without

prejudice, Verser remains free to refile the action at his earliest convenience.

To the extent Verser wishes to pursue a separate civil action against Mrs. Thorpe, he remains free to do so. Verser fails to demonstrate the Court can hold Mrs. Thorpe in contempt for any alleged delay in copying Verser's submissions. Accordingly, Verser's request to hold Mrs. Thorpe in contempt (Docket No. 7) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Verser.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 2, 2012